UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DANIEL BARLI, and on behalf of himself and
all others similarly situated, BARDAN ONE,
LLC, and on behalf of themselves and all others
similarly situated,

      Plaintiffs,      20-cv-11027 (PKC)

  -against-          ORDER


PNC BANK, NATIONAL ASSOCIATION, et
al.,

      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

    The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

    The Complaint asserts that this Court has federal subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C § 1332(d). Section 1332(d)(2) provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." See also Gold v. N.Y. Life ins. Co., 730 F.3d 137, 141 (2d Cir. 2013) ("CAFA confers original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity, *i.e.*, where at least one plaintiff and one defendant are citizens of different states.").

    For purposes of determining the citizenship of a corporation named as a party, the complaint must allege the citizenship of every State and foreign state in which the corporation

has been incorporated, *as well as* the State or foreign state where the corporation has its principal place of business.  See 28 U.S.C. § 1332(c)(1); see also Postlewaite v. McGraw-Hill, 333 F.3d 42, 51 (2d Cir. 2003) (noting that a complaint that does not indicate the principal place of business of a corporate party is "insufficient to show [a party's] citizenship within the meaning of 28 U.S.C. § 1332(c)(1)").

Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10).  Although the Second Circuit has not yet given guidance as to a Limited Liability Company's ("LLC") citizenship for purposes of CAFA jurisdiction, two United States Courts of Appeals have held that an LLC's citizenship under CAFA is determined by state of organization and principal place of business under section 1332(d)(10).[1]

Here, plaintiffs have named multiple entities as defendants and the allegations in the Complaint contain several deficiencies with respect to these defendants.  (Compl. ¶¶ 13–18). First, Plaintiffs fail to allege the principal place of business for defendants CoreVest Finance; CoreVest American Finance Lender LLC; and RWT Holdings, Inc.  Plaintiffs further fail to allege the place of incorporation for defendants PNC Bank, National Association; Midland Loan Services; CoreVest Finance; CoreVest American Finance Lender LLC; RWT Holdings, Inc.; and

---

[1] Siloam Springs Hotel LLC v. Century Surety Co., 781 F.3d 1233, 1237 & n. 1 (5th Cir.2015), concluded that an LLC is an unincorporated association under CAFA, and that actions brought by LLCs "are treated like suits by corporations in that the citizenship of the association for diversity purposes is determined by its state of organization and principal place of business, not by the citizenship of its members."  Similarly, the Fourth Circuit concluded that "a limited liability company is an 'unincorporated association' as used in § 1332(d)(10), whose citizenship is that of the State under whose laws it is organized and the State where it has its principal place of business," and not "under traditional rules by looking to the citizenship of its sole member . . . ." Ferrell v. Express Check Advance of South Carolina LLC, 591 F.3d 698, 700, 701 (4th Cir.2010); see also Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 684 (9th Cir. 2006) (CAFA "departs from the rule that frequently destroys diversity jurisdiction, that a limited partnership's or unincorporated association's citizenship for diversity purposes can be determined only by reference to all of the entity's members."); Ventimigla v. Tishman Speyer Archstone–Smith Westbury, L.P., 588 F.Supp.2d 329, 336 (E.D.N.Y.2008) (applying section 1332(d)(10) to a limited partnership).

AlterDormus.  Lastly, plaintiff does not provide information regarding the organization (e.g., corporation, limited partnership, limited liability company, etc.) of defendants Midland Loan Services, CoreVest Finance, and AlterDormus.  Plaintiff shall amend the complaint and case caption to reflect the organizational status of these defendants.

In addition, the Complaint fails to allege the principal place of business and place of incorporation for plaintiff Bardan One, L.L.C.

For the purpose of determining the citizenship of individuals, "in order to be a citizen of a State . . . a natural person must be a citizen of the United States *and* be domiciled within the State."  Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 828 (1989) (emphasis in original).  An individual's domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir.1998) (internal quotation omitted).

The Complaint names two individual defendants John Prins and Matthew Vilimas.  When a complaint names an individual as a party, it must allege the citizenship of such individuals, not their places of employment.  Additionally, Plaintiff Daniel Barli is alleged to be a "resident" of New Jersey.  The Complaint fails to allege whether Barli is a "citizen" of New Jersey.

Within 30 days, plaintiffs shall amend the Complaint to correct the deficiencies herein.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
January 5, 2021